UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEORGE GILLIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.11-10736-JLT |
| | * | |
| WILLIAM KEATING, BOTH IN | * | |
| HIS OFFICIAL CAPACITY AND | * | |
| INDIVIDUALLY; and WILLIAM G. | * | |
| CHASE, BOTH IN HIS OFFICIAL | * | |
| CAPACITY AND INDIVIDUALLY, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

March 7, 2012

TAURO, J.

I.   Introduction

This action stems from Plaintiff George Gillis's claim against former District Attorney of Norfolk County William Keating and Chief of Police of the Town of Westwood William Chase regarding alleged violations of Plaintiff's federal constitutional rights.  Presently at issue are Defendant Keating's Motion to Dismiss [#6], Defendant Chase's Motion for Judgment on the Pleadings [#14], and Plaintiff's Motion for Discovery Pursuant to Rule 56(d) [#21].  For the following reasons, Defendant Keating's Motion to Dismiss and Defendant Chase's Motion for Judgment on the Pleadings are ALLOWED, and Plaintiff's Motion for Discovery Pursuant to Rule 56(d) is DENIED AS MOOT.

II.   Background

A.     Factual Background[1]

On December 9, 2008, Plaintiff was operating a multi-wheeled truck removing rock and debris from a construction site in Westwood, Massachusetts.[2]  While operating the truck, Plaintiff struck and fatally injured Edward Hansen, a pedestrian who had been videotaping the excavation work at the construction site.[3] Mr. Hansen was pronounced dead upon his arrival at Caritas Norwood Hospital.[4]

At the time of the accident, Mr. Hansen was not wearing his prescribed hearing aids,[5] and the truck driven by Plaintiff was in full working order.[6] The reverse gear alarm on the truck was also sounding, though it appears Mr. Hansen did not hear it.[7] The authorities responding to the scene, including members of the Westwood police,[8] determined that Plaintiff was not under the influence of alcohol or narcotics at the time of the accident.[9]

---

[1] Because the issues analyzed here arise in the context of a motion to dismiss, this court presents the facts as they are related in Plaintiff's Complaint [#1], see Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most favorable to Plaintiff, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

[2] Compl. ¶ 5 [#1].

[3] Compl. ¶ 7-8 [#1].

[4] Compl. ¶ 12 [#1].

[5] Compl. ¶ 9 [#1].

[6] Compl. ¶ 6 [#1].

[7] Compl. ¶ 10 [#1].

[8] Compl. ¶ 11 [#1].

[9] Compl. ¶ 16 [#1].

Plaintiff alleges that although Mr. Hansen's death was deemed accidental,[10] Defendants charged Plaintiff with Motor Vehicle Homicide.[11] Plaintiff has suffered economic losses, mental suffering, and emotional distress as a result of Defendants' conduct.[12] Plaintiff alleges this conduct violated his rights under the Fifth, Sixth, and Fourteenth Amendments.

Plaintiff brings one count against each defendant, both in their official and individual capacities, for violation of due process of law under § 1983.[13] Plaintiff requests damages, interest, costs, attorneys' fees, and punitive damages.[14]

    B.    Procedural Background:

Plaintiff filed the Complaint [#1] in this case on April 29, 2011.  On August 17, 2011, Defendant Keating filed a Motion to Dismiss [#6], and on October 14, 2011, Plaintiff filed an Opposition [#13].  On February 7, 2012, Defendant Chase filed a Motion for Judgment on the Pleadings [#14], and on February 28, 2012, Plaintiff filed an Opposition [#20].  Plaintiff also filed a Motion for Discovery Pursuant to Rule 56(d) [#21] on March 6, 2012.

III.    Discussion

    1.    Prosecutorial Immunity

        A.    Legal Standard

Prosecutors enjoy absolute immunity from § 1983 suits when acting within the scope of

---

[10] Compl. ¶ 18 [#1].

[11] Compl. ¶ 19 [#1].

[12] Compl. ¶ 22, 24 [#1].

[13] Compl. ¶ 22, 24 [#1].

[14] Compl. ¶ 22, 24 [#1].

3

their official duties.[15] The federal doctrine of prosecutorial immunity covers all conduct in "initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process. Included within the range of protected conduct is the "professional evaluation of [] evidence assembled by the police and appropriate preparation for its presentation in an official proceeding."[16] Merely investigative or administrative conduct does not fall within the protections of absolute immunity.[17]

The purpose of prosecutorial immunity is to ensure that prosecutors are able to impartially execute their duties without the constraint of potential liability for their actions.[18] "[A] defendant often will transform his resentment at being prosecuted into" an accusation "of improper and malicious actions" on the part of the prosecutor.[19] Because such suits may be expected to arise frequently, immunity shields the prosecutor from being forced to defend himself at the expense of carrying out his duties.[20]

B. Application

Plaintiff's allegations against Defendant Keating are barred by prosecutorial immunity. The facts of the Complaint [#1] establish that Plaintiff is seeking redress for Defendant Keating's

---

[15] Imber v. Pachtman, 424 U.S. 409, 427 (1976)

[16] Miller v. City of Boston, 297 F. Supp. 2d 361, 370 (D. Mass. 2003) (internal quotation marks omitted) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

[17] Id.

[18] See Imbler 424 U.S. at 423 (describing the concerns underlying a prosecutor's amenability to civil suit).

[19] Imbler, 424 U.S. at 424-25.

[20] See Burns v. Reed, 500 U.S. 478, 492 (1991).

prosecution of Plaintiff for Motor Vehicle Homicide while Keating was acting as the District Attorney of Norfolk County. In charging Plaintiff with Motor Vehicle Homicide and prosecuting the case against him, Defendant Keating was acting squarely within the scope of official conduct protected by prosecutorial immunity.[21] Therefore, Plaintiff's claims against Defendant Keating must be dismissed on the ground of immunity.

    2.    <u>Failure to State a Claim</u>

        A.    <u>Legal Standard</u>

When evaluating a motion to dismiss for failure to state a claim, this court must accept all well-pleaded facts in the complaint as true.[22] Bare assertions and conclusions of law, however, are not entitled to similar weight.[23] To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."[24] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] Plaintiff's pleadings must state a claim as to each defendant named in the complaint.[26] If the facts do not "nudge[] [the] claims across the line from

---

[21] See Imbler, 424 U.S. at 431 (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under §1983").

[22] Special Situations Fund III, L.P. v. Am. Dental Partners, Inc., 775 F. Supp. 2d 227, 237 (D. Mass, 2011).

[23] Id.

[24] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

[25] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

[26] Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 16 (1st Cir. 2011).

conceivable to plausible," the complaint must be dismissed.[27] For all practical purposes, a motion for judgment on the pleadings is treated like a motion to dismiss and is therefore governed by the same standard.[28]

### B. Application

To successfully state a claim under § 1983, Plaintiff must "show both that the conduct complained of transpired under color of state law and that a deprivation of federally secured rights ensued."[29] In his Complaint [#1], Plaintiff alleges a violation of his right to procedural due process under the Fifth, Sixth, and Fourteenth Amendments. In order to sufficiently plead such a violation, Plaintiff must demonstrate a deprivation of a property interest "without constitutionally adequate process."[30]

The central allegation in Plaintiff's Complaint [#1] is that Defendants Keating and Chase "knowingly and deliberately" prosecuted Plaintiff for the death of Mr. Hansen without probable cause, thereby violating his right to due process.[31] Aside from this bald assertion, however, Plaintiff offers no facts to support his claim that Defendants violated his constitutional rights. Plaintiff asserts that there was no probable cause for the charges, but the Complaint [#1] makes no mention of whether probable cause was found by a court or grand jury, nor does it state the

---

[27] Twombly, 550 U.S. at 567.

[28] Homeowner Options for Mass. Elders, Inc. v. Brookline Bancorp, Inc., 754 F. Supp. 2d 201, 206-207 (D. Mass. 2010) (citing Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008)).

[29] Santiago v. Puerto Rico, 655 F.3d 61, 68 (1st Cir. 2011).

[30] Garcia-Rubiera v. Fortuno, 665 F.3d 261, 270 (1st Cir. 2011).

[31] Compl. ¶ 20 [#1].

6

disposition of the case. Further, the majority of the Complaint [#1] centers around the actions of Mr. Hansen and says little of what role Defendants Keating and Chase played in charging and prosecuting Plaintiff for Motor Vehicle Homicide. By omitting facts about the process used to charge and prosecute, Plaintiff has failed to plead any defect in the procedures followed by Defendants. The facts alleged in the Complaint [#1] are insufficient to state a plausible claim for relief against either Defendant, and Plaintiff's action must therefore be dismissed.

In his Motion for Discovery Pursuant to Rule 56(d) [#21], Plaintiff asks that this court permit him to conduct depositions of key witnesses in order to properly oppose Defendants' motions. Because Plaintiff has not stated a plausible claim in his Complaint [#1], however, he is not entitled to proceed with discovery and impose its burdens upon Defendants.[32]

IV.   Conclusion

For the foregoing reasons, Defendant Keating's Motion to Dismiss [#6] is ALLOWED, Defendant Chase's Motion for Judgment on the Pleadings [#14] is ALLOWED, and Plaintiff's Motion for Discovery Pursuant to Rule 56(d) [#21] is DENIED AS MOOT. This case is CLOSED.

AN ORDER HAS BEEN ISSUED.

                                                          /s/ Joseph L. Tauro
                                                    United States District Judge

---

[32] Ashcroft v. Iqbal, 129 S. Ct. at 1954 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").